UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
JAMES CLIFFORD LILLEY

Bankruptcy Case No.: 10-81078

Soc. Sec. No. xxx-xx-0028
Mailing Address: 2921 Intercross Road, Durham, NC 27704-

                              Debtor.

JAMES CLIFFORD LILLEY

                          Plaintiff,   A.P. No.:_____

vs.

WELLS FARGO, N.A.;

OPTION ONE MORTGAGE LOAN TRUST 2007-5, ASSET BACKED CERTIFICATES;

LOAN LEADERS OF AMERICA, INC.;

RIGHT-AWAY MORTGAGE INC.;

FIDELITY NATIONAL TITLE COMPANY;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;

AMERICAN HOME MORTGAGE SERVICING, INC.;

                            Defendants.

**COMPLAINT TO DETERMINE VALIDITY AND EXTENT OF LIEN**

The Plaintiff, above-named, respectfully alleges as follows:

**Introduction and Jurisdication**

1. This is an action to determine, pursuant to 11 U.S.C. §§ 506, 1322(c)(2) and 1325(a)(5), the validity and/or extent of a Deed of Trust allegedly held by American Home Mortgage Servicing, Inc., as servicer for Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5, Asset Backed Certificates, Series 2007-5 (hereinafter "American Home Servicing") against the debtor's real property in the above referenced case.

2. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

3. The Trustee has standing to pursue this matter pursuant to 11 U.S.C. § 544(a), and the plaintiffs have the authority to pursue it in his stead pursuant to 11 U.S.C. § 522(h).

### Identification of Parties

4. The Plaintiff is the Debtor in the above-captioned chapter 13 bankruptcy case, filed on February 10, 2010, and Richard M. Hutson II is the duly appointed Chapter 13 Trustee.

5. Upon information and belief, Defendant Wells Fargo Bank, NA ("Wells Fargo") is a national banking association formed and operating under the laws of the State of California. Wells Fargo is listed as Trustee for Option One Mortgage Loan Trust 2007-5, Asset Backed Certificates, Series 2007-5.

6. Upon information and belief, Option One Mortgage Loan Trust Asset Backed Certificates, Series 2007-5. is a mortgage trust formed and operating under the laws of the state of Delaware. Option One Mortgage Loan Trust 2007-5 purports to be the owner of the mortgage Note.

7. Upon information and belief, Defendant Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS") is a corporation formed and operating under the laws of the Commonwealth of Virginia. Defendant MERS is the named beneficiary of the Deed of Trust referenced herein.

8. Upon information and belief, Defendant Fidelity National Title Company ("Fidelity") is a corporation formed and operating under the laws of the state of Florida. Fidelity is the Trustee named in the Deed of Trust referenced herein.

9. Upon information and belief, Defendant Loanleaders of America, Inc. (Loanleaders) is a corporation formed and operating under the laws of the State of California. Upon information and belief, Loanleaders solicited and/or brokered the underlying loan that is the subject of this action.

10. Upon information and belief, Defendant Right-Away Mortgage, Inc., is a corporation

formed and operating under the laws of the State of California.. Right-Away Mortgage, Inc. is the Lender named in the Note and Deed of Trust.

### Factual Allegations

11. Between the dates of October 1, 2006 and December 8, 2006, the plaintiff applied for a loan from Defendant Loanleaders of America, Inc. in the amount of $77,000.00.

12. At the time of the loan application and closing, the plaintiff resided at 2921 Intercross Road, Durham North Carolina.

13. Upon information and belief, at the time of the loan application and closing, the Plaintiff's girlfriend Nancy B. Cook was the record owner of 2921 Intercross Road, Durham North Carolina.

14. Throughout the loan application process, the Plaintiff communicated to a representative of Loanleaders that he did not own any real property.

15. Upon information and belief, prior to the loan closing, Loanleaders requested documentation evidencing Nancy Cook's ownership in the property, including information regarding the previous owner of the property and the estate of Nancy Cook's parents.

16. Upon information and belief, Loanleaders informed Plaintiff that the loan would be secured by the property located at 2921 Intercross Road, Durham North Carolina, and that Nancy Cook would be required to execute certain documents at the closing to facilitate the loan.

17 On or about December 8, 2006, the Plaintiff executed numerous documents in the presence of notary James E. Lewis, including a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Defendant Right-Away Mortgage, Inc.

18. Said Deed of Trust purported to convey an interest in a .47 acre parcel of property described in said Deed of Trust as follows:

Beginning at a stake on the west side of the new bypass for Route 15 at W.E. Broughton's present northeast corner, and running thence with Broughton's line North 68 degrees 19 minutes West 468 feet to a stake; thence with Tilley's new line South 81 degrees 15 minutes East 422 feet to a stake; thence with another now line of Tilley South 8 degrees 34 mintues East 138 feet to a stake, point of BEGINNING, containing .47 acres, more or less, and being that property shown on the plat of the property of W.E. Broughton, dated March 4, 1957, and recorded in Plat Book 33, page 4, Durham County Registry to which reference is hereby made for a more particular description (the "subject property").

19. Upon information and belief, Nancy Cook also signed numerous documents at the closing. The Plaintiff believed that the documents signed by Nancy Cook were for the purpose of granting a security interest in the subject property.

20. Upon information and belief, at the time of the closing, Nancy Cook did not execute any instrument conveying a security interest in the subject property.

21. Upon information and belief, at the time of the closing, Nancy Cook did not execute any instrument granting said property to the Plaintiff.

22. On or about May 1, 2007, Plaintiff was contacted by an agent of the mortgage servicer, who requested that the homeowner's insurance policy be corrected to list the Plaintiff as the insured policy holder. The Plaintiff attempted to correct the problem with his homeowner's insurance provider, but was informed that he could not be listed as the policy holder because he was not the record owner of the property.

23. The Plaintiff later notified the mortgage servicer of the issue, and was informed that the servicer needed the property to be titled in the Plaintiff's name.

24. On October 25, 2007, a North Carolina Quitclaim Deed dated December 8, 2006 purporting to convey the property from Nancy Cook to James C. Lilley was recorded at Book 5778, Page 769 in the Office of the Register of Deeds for Durham County, North Carolina. The Deed states on the first page that the instrument was prepared by Nancy Cook.

25. Upon information and belief, the Quitclaim Deed from Nancy Cook to James C. Lilley was not prepared by Nancy Cook or anyone lawfully authorized by Nancy Cook to do so.

26. Upon information and belief, the Deed from Nancy Cook to James C. Lilley was not signed by Nancy Cook or anyone lawfully authorized by Nancy Cook to do so.

27 Upon information and belief, the signature found on the Deed from Nancy Cook to James C. Lilley is a forgery.

28. Also on October 25, 2007 the Deed of Trust which James C. Lilley first executed on December 8, 2006 was recorded in Book 5778, Page 773, in the Durham County Register of Deeds.

29. A forged deed conveys no title, and as such, the subsequent Deed of Trust recorded in Book 5778, Page 773, purporting to convey a security interest in favor of the Defendant, is invalid as a lien on the property described therein.

**WHEREFORE**, the Plaintiff prays the Court enter an Order:

1. Determining that the claim held by Defendant American Home Mortgage Servicing, Inc., as servicer for Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5, Asset Backed Certificates, Series 2007-5, is a wholly unsecured claim;

2. Requiring the Defendant to immediately cancel its Deed of Trust; and

3. Award the Plaintiff's attorney reasonable attorney fees; and

4. For such other and further relief as this court deems just and proper.

Dated: November 5, 2010

**LAW OFFICES OF JOHN T. ORCUTT, P.C.**

/s Koury L. Hicks
Koury L. Hicks
Attorney for the Plaintiff
North Carolina State Bar No.: 36204
1738 Hillandale Road Ste. D
Durham, N.C. 27705
(919) 847-9750