UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES CLIFFORD LILLEY, ) | Case No. 10-81078 |
| ) | |
| Debtor. ) | |
| ) | |
| JAMES CLIFFORD LILLEY, ) | Adv. Pro. No. 10-09110 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLS FARGO, N.A., ) | |
| OPTION ONE MORTGAGE LOAN TRUST ) | |
| 2007-5 ASSET BACKED CERTIFICATE, ) | |
| LOAN LEADERS OF AMERICA, INC., ) | |
| RIGHT-AWAY MORTGAGE, INC., ) | |
| FIDELITY NATIONAL TITLE COMPANY, ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., AND ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS WELLS FARGO, N.A. AND
AMERICAN HOME MORTGAGE SERVICING, INC.'S MOTION TO DISMISS AND
<u>OBJECTION TO FAILURE TO JOIN A REQUIRED PARTY</u>**

Defendants Wells Fargo, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Backed Certificates, Series 2007-5 (the "Trust") and American Home Mortgage Servicing, Inc., Servicer for the Trust ("AHMSI") (collectively "Defendants"), by and through their undersigned attorneys, respectfully submit this Memorandum in Support of their Motion to Dismiss the Complaint filed by the Plaintiff, James Clifford Lilley, and Objection to the Failure to Join a Required Party.

## INTRODUCTION

The Plaintiff filed a petition for relief under chapter 13 of the Bankruptcy Code on June 21, 2010. Defendants are the holder and servicer of a secured claim in the amount of $94,277.24 (*see* Claim 8-1), secured by the Plaintiff's property at 2921 Intercross Road, Durham, North Carolina. The Plaintiff's chapter 13 plan of reorganization proposed to treat the Defendants' claim as unsecured, contending that the deed purporting the transfer the property to the Plaintiff was forged, rendering the property transfer and the Deed of Trust secured by the property invalid. The Defendants objected to the plan treatment, and the Plaintiff filed this adversary proceeding to determine the validity and extent of the lien asserted by the Defendants. By agreement of the parties, the outcome of this adversary proceeding will determine the treatment of the Defendants' claim under the chapter 13 plan.

## FACTUAL BACKGROUND

Between October 1, 2006 and December 8, 2006, the Plaintiff applied for a loan from Loanleaders of Amercia, Inc. in the amount of $77,000. Compl. ¶ 11. At the time the Plaintiff applied for the loan, he resided at 2921 Intercross Road, Durham, North Carolina (the "Property"). Compl. ¶ 12. Though the Plaintiff resided at the Property, it was titled to his girlfriend, Nancy B. Cook. Compl. ¶ 13. According to the Complaint, the Plaintiff notified Loanleaders that he did not own any real property. Compl. ¶ 14.

The Complaint alleges "upon information and belief" that Loanleaders requested information on Ms. Cook's ownership interest in the Property, that Loanleaders informed Plaintiff that the loan would be secured by the Property, and that Ms. Cook would be required to execute certain documents at the closing. Compl. ¶¶ 15-16. On December 8, 2006, the Plaintiff executed numerous documents in the presence of notary James E. Lewis, including a Deed of

Trust in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Right-Away Mortgage, Inc. Compl. ¶ 17. The Complaint alleges "upon information and belief" that Ms. Cook also executed numerous documents at closing, and that "the Plaintiff believed that the documents signed by Nancy Cook were for the purpose of granting a security interest in the subject property." Compl. ¶ 19. However, "upon information and belief," Ms. Cook did not execute any instrument at closing conveying a security interest in the Property, nor "upon information and belief" did Ms. Cook execute any instrument at closing granting the Property to Plaintiff. Compl. ¶¶ 20-21.

According to the Complaint, on May 1, 2007, the Plaintiff was contacted by the mortgage servicer requesting that the homeowner's insurance policy be amended to reflect Plaintiff as the insured policy holder, but the insurance provider informed the Plaintiff that he could not be listed because he was not the record owner of the Property. Compl. ¶ 22. The Plaintiff then advised the servicer of the problem, and the servicer advised the Plaintiff that the Property needed to be titled to Plaintiff. Compl. ¶ 23. On October 25, 2007, a quitclaim deed dated December 8, 2006, conveying the Property from Ms. Cook to Plaintiff was recorded in the Office of the Register of Deeds for Durham County, North Carolina.[1] Compl. ¶ 24. The Complaint then alleges "upon information and belief" that the quitclaim deed was not signed by Ms. Cook or anyone so authorized by Ms. Cook, and "upon information and belief" that the signature of Ms. Cook on the quitclaim deed was a forgery. Compl. ¶¶ 26-27.

---

[1] The Deed of Trust was also recorded on October 25, 2007. Compl. ¶ 28.

## ARGUMENTS AND AUTHORITIES

**I.  CONCLUSORY LEGAL ASSERTIONS ARE INSUFFICIENT TO STATE A CLAIM FOR RELIEF.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  If a complaint fails to meet this threshold obligation, the action should be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted."  *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, *Hunt v. Republican Party*, 510 U.S. 828 (1993).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court held that a complaint must include "enough facts to state a claim to relief that is plausible on its face."  550 U.S. 544, 570 (2007).  The Court elaborated in *Ashcroft v. Iqbal*, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  129 S. Ct. 1937, 1949 (2009).  The allegations must be more than a "formulaic recitation of the elements" of a claim.  *Id.* at 1951.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Id.* at 1949.  Thus, dismissal under Rule 12(b)(6) is proper when, from the facts of the complaint, it is clear that the plaintiff's claims are not supported by law, that one or more facts necessary to assert a valid claim have not been pled, or that facts exist that necessarily defeat plaintiff's claims. Application of this rule in the present case leads to the dismissal of Plaintiff's factually unsupported and legally unavailable claims.

4

## II. THE PLAINTIFF HAS FAILED TO STATE A PLAUSIBLE CLAIM FOR INVALIDITY OF THE DEED OF TRUST.

The crux of the Plaintiff's Complaint is that the quitclaim deed transferring the Property to the Plaintiff was forged, and therefore invalid. The Plaintiff also appears to allege that the quitclaim deed was executed (by whoever signed it) after the Deed of Trust was executed. The Plaintiff's legal conclusion is that he did not own the Property at the time he executed the Deed of Trust, and thus the Deed of Trust does not attach to the Property.

All of the material allegations with respect to the transfer of the Property, or the alleged forgery of the quitclaim deed, are made "upon information and belief." Such allegations fail to meet the plausibility requirement of *Twombly* and *Iqbal*. "The *Twombly* plausibility standard, which applies to all civil actions, . . . does not prevent a plaintiff from pleading facts alleged 'upon information and belief' where the facts are ***peculiarly within the possession and control of the defendant*** . . . or where the belief is based on factual information that makes the inference of culpability plausible." *Arista Records, LLC v. Doe*, 604 F.3d 110, 120 (2nd Cir. 2010) (citations omitted) (emphasis added); *see also Boykin v. KeyCorp*, 521 F.3d 202, 215 (2nd Cir. 2008) (*citing* 5 Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1224 (3d ed. 2004) for proposition that pleading on information and belief is desirable when matters that are necessary to complete the statement of a claim are ***not within the knowledge of the plaintiff***) (emphasis added). In this case, the matters pled "upon information and belief" are ***not within the Defendants' possession and control***; the allegations of when the deed was signed and whether it was forged are peculiarly with the control of the Plaintiff and/or Ms. Cook. *See Dixon v. Ruth (In re Gluth Bros. Constr., Inc.)*, 424 B.R. 368, 377 (Bankr. N.D. Ill. 2009) (dismissing complaint containing formulaic recitation of the elements of a claim "upon

information and belief" where the plaintiff should have had access to enough information to allege minimal factual support for its allegations).

The Complaint establishes that Ms. Cook signed numerous documents at the closing of the loan, Compl. ¶ 19, that the Plaintiff believed that the documents were signed for the purpose of granting a security interest in the Property, *id.*, and that the Plaintiff was notified later that he needed to be, but was not, the record owner of the Property. Compl. ¶¶ 22-23. The Plaintiff also alleges "upon information and belief" that Ms. Cook did not execute the quitclaim deed at the closing.[2] The Plaintiff raises two potential defects with the Deed of Trust: either the quitclaim deed was not executed prior to the Deed of Trust, or the quitclaim deed was forged, neither of which is based upon allegations of actual facts by the Plaintiff. These allegations are made upon information and belief, and thus there are no factual allegations in the Complaint that state a plausible claim that the Deed of Trust is invalid. Accordingly, the Complaint should be dismissed with prejudice for failure to state a claim, and the Defendants' claim should be treated as secured.

**III. THE PLAINTIFF'S RECORD ACTIONS ARE INCONSISTENT WITH THE ALLEGATIONS OF THE COMPLAINT AND THE PLAINTIFF SHOULD BE JUDICIALLY ESTOPPED FROM CLAIMING THAT HE DOES NOT OWN THE PROPERTY.**

The Complaint alleges that the Plaintiff does not own the Property because, "upon information and belief," the deed to the Plaintiff was a forgery. The Durham County Tax Collector filed a proof of claim in the Plaintiff's chapter 13 case, Claim No. 7-1, in the amount of $1,568.02, for unpaid taxes related to the Property. The Plaintiff did not object to the claim, and

---

[2] The allegation that Ms. Cook did not execute the deed at the closing also raises another question for the Plaintiff: why did he execute a Deed of Trust warranting that he was lawfully seised of the Property if he did not believe he was? Of course the most logical explanation for the allegations in the Complaint is that Ms. Cook executed the deed at closing, but the deed and Deed of Trust were not recorded until October 2007 (and no one was aware of this until the insurer noted that the Plaintiff was not the owner "of record").

the Order Confirming Plan entered on November 12, 2010, provides for the payment of the tax claim in Section C.IV.2.

The doctrine of judicial estoppel exists "to protect the integrity of the courts and the judicial process." *United Virginia Bank/Seaboard Nat'l v. B. F. Saul Real Estate Inv. Trust*, 641 F.2d 185, 190 (4th Cir. 1981) (quoting *Duplan Corp. v. Deering Milliken, Inc.*, 397 F. Supp. 1146, 1177-79 (D.S.C. 1975)). It prohibits litigants from "playing 'fast and loose,'" or "blow(ing) hot and cold," by barring them from taking inconsistent positions during the course of litigation. *Id.* (quoting *Scarano v. Central R. R.*, 203 F.2d 510, 513 (3d Cir. 1953); *Ronson Corp. v. Liquifin Aktiengesellschaft*, 375 F. Supp. 628, 630 (S.D.N.Y. 1974)).

It is inconsistent for the Plaintiff on one hand to deny that the Defendants hold a secured claim in his bankruptcy case because the deed transferring the Property to him was allegedly forged, while treating the real property taxes as a secured claim in his chapter 13 case. Either the Plaintiff owns the Property, in which case his claims in this adversary proceeding are invalid unless the Plaintiff can prove that the transfer took place after the execution of the Deed of Trust, or the Plaintiff does not own the Property, in which case he is not liable for the payment of property taxes. Because the Plaintiff acquiesced in paying the property taxes through his binding confirmed plan, he should be judicially estopped from contending that he does not own the Property.

## IV. THE PLAINTIFF'S COMPLAINT FAILS TO JOIN A NECESSARY PARTY.

Rule 19(a) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7019 of the Federal Rules of Bankruptcy Procedure, provides

> (1) A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>   (A) in that person's absence, the court cannot accord complete relief among existing parties; or

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). The Complaint alleges that Ms. Cook did not execute the deed to the Plaintiff. Presumably, if those allegations can be proven by the Plaintiff, Ms. Cook would seek to avoid the deed transferring ownership of the Property to the Plaintiff. If the effort to avoid the deed is brought by separate action, and Ms. Cook does not prevail, there will be inconsistent verdicts resulting in a windfall for the Plaintiff; that is, unencumbered ownership of the Property.

Defendants are not aware of any reason Ms. Cook cannot be joined, but if she cannot, the Complaint should be dismissed pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure.

## **CONCLUSION**

For the reasons stated herein, Defendants respectfully request that this Court dismiss the Complaint with prejudice, or, if the Complaint is not dismissed, require the joinder of Ms. Cook as a party, and grant such other relief as the Court deems just and proper.

Respectfully submitted this, the 28th day of January, 2011.

> NELSON MULLINS RILEY & SCARBOROUGH LLP
>
> By: */s/ Pamela W. McAfee*
> Pamela W. McAfee
> N.C. State Bar No. 21096
> E-mail: pam.mcafee@nelsonmullins.com
> Kelli Goss Hopkins
> N.C. State Bar No. 36824
> E-mail: kelli.hopkins@nelsonmullins.com
> 4140 Parklake Avenue, Suite 200

GlenLake One / Second Floor
Raleigh, North Carolina 27612
Telephone: (919) 877-3800
Facsimile: (919) 877-3799

*Attorneys for Defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Backed Certificates, Series 2007-5 and American Home Mortgage Servicing, Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the foregoing document was served on the parties indicated below by depositing copies thereof in a depository under the exclusive care and custody of the United States Postal Service in postage prepaid envelopes designating delivery by First Class Mail and properly addressed as follows:

*Bankruptcy Administrator:*
Michael D. West
P.O. Box 1828
Greensboro, NC 27402

*Chapter 13 Trustee:*
Richard M. Hutson, II
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

*Debtor/Plaintiff:*
James Clifford Lilley
2921 Intercross Road
Durham, NC 27704

*Counsel for Debtor/Plaintiff:*
Koury Lee Hicks, Esquire
The Law Offices of John T. Orcutt
Suite D
1738 Hillandale Road
Durham, NC 27705

*Defendant:*
Mortgage Electronic Registration Systems, Inc.
1818 Liberty Street
Suite 300
Reston, VA 20190

*Defendant:*
Loan Leaders of America, Inc.
c/o Martin Foigelman
3 MacArthur Place
Suite 650
Santa Ana, CA 92707

*Defendant:*
Right-Away Mortgage, Inc.
10833 Valley View Street
Suite 500
Cypress, CA 90630

*Counsel for Defendant Fidelity National Title Group:*
William C. Smith, Jr.
Manning Fulton & Skinner, P.A.
3605 Glenwood Ave., Suite 500
P.O. Box 20389
Raleigh, NC 27619-0389

This 28th day of January, 2011.

>   */s/ Pamela W. McAfee*
>   Pamela W. McAfee