UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JAMES CLIFFORD LILLEY, ) | Case No. 10-81078 |
| ) | |
| Debtor. ) | |
| ) | |
| JAMES CLIFFORD LILLEY, ) | Adv. Pro. No. 10-09110 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WELLS FARGO, N.A., ) | |
| OPTION ONE MORTGAGE LOAN TRUST ) | |
| 2007-5 ASSET BACKED CERTIFICATE, ) | |
| LOAN LEADERS OF AMERICA, INC., ) | |
| RIGHT-AWAY MORTGAGE, INC., ) | |
| FIDELITY NATIONAL TITLE COMPANY, ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC., AND ) | |
| AMERICAN HOME MORTGAGE ) | |
| SERVICING, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**MEMORANDUM OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF
DEFENDANTS WELLS FARGO, N.A. AND AMERICAN HOME MORTGAGE
SERVICING, INC.'S MOTION TO DISMISS AND OBJECTION TO FAILURE TO
<u>JOIN A REQUIRED PARTY</u>**

Defendants Wells Fargo, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Backed Certificates, Series 2007-5 (the "Trust") and American Home Mortgage Servicing, Inc., Servicer for the Trust ("AHMSI") (collectively "Defendants"), by and through their undersigned attorneys, respectfully submit this Memorandum of Supplemental Authority in Support of their Motion to Dismiss and Objection to the Failure to Join a Required Party.

## BACKGROUND

On November 5, 2010, the Plaintiff, James Clifford Lilley, filed the Complaint in this adversary proceeding to determine the validity of the deed of trust held by the Trust and serviced by AHMSI. On January 18, 2011, the Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and an objection to the Plaintiff's failure to join a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure, made applicable in this adversary proceeding by Rule 7019 of the Federal Rules of Bankruptcy Procedure. The Court conducted a hearing on the motion and objection on March 17, 2011, and invited counsel to submit additional authority on the questions posed by the Court at the hearing.

**I.   THE COURT REQUESTED ADDITIONAL AUTHORITY REGARDING THE SUFFICIENCY OF ALLEGATIONS MADE "UPON INFORMATION AND BELIEF" FOR NOTICE PLEADING.**

In *DIRECTV, Inc. v. Swisher*, 2004 U.S. Dist LEXIS 9176 (W.D. Va. April 30, 2004), the court dismissed the plaintiff's complaint for alleged violations of the Cable Communications Policy Act of 1984 and the Electronic Communications Policy Act of 1986 where the sole factual allegation was that the defendant purchased a pirate access device. All allegations that the defendant used the pirate access device to receive, assist others in receiving, or intercept the plaintiff's satellite transmissions in violation of the statute were made upon information and belief. The plaintiff "fail[ed] to identify sufficient any (sic) facts in its complaint or in its response to [defendant's] motion to dismiss that could later be established by admissible evidence as the factual basis for its claims . . . ." *Id.* at *14. There was no factual direct allegation of use or interception of a signal in the complaint; rather, the allegations flowed "upon information and belief" exclusively from the defendant's alleged purchase of the pirate access device. *Id.* at *17. "Mere invocation of . . . 'upon information and belief' does not absolve [a

plaintiff] from meeting its obligation to provide 'a short and plain statement of the claim . . . showing that the pleader is entitled to relief.'" *Id.* at *19-20 (citing *Estate Constr. Co. v. Miller & Smith Holding Co.*, 14 F.3d 213, 220 (4th Cir. 1994)). *See also Rose v. Goldman, Sachs & Co.*, 163 F. Supp. 2d 238, 242 (S.D.N.Y. 2001) (dismissing complaint pursuant to Rule 12(b)(6) where all of the plaintiff's material allegations were set forth "upon information and belief").

**II. THE COURT INQUIRED WHETHER THE COURT MAY CONSIDER DOCUMENTS IN THE PLAINTIFF'S UNDERLYING CHAPTER 13 CASE WHILE DETERMINING A MOTION PURSUANT TO RULE 12(B)(6).**

> [T]here are exceptions to the rule that a court may not consider any documents outside of the complaint. Specifically, a court may consider *official public records*, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed. (first citation omitted); *Gasner v. Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, *such as court records*, even when the documents are neither referenced by nor integral to plaintiff's complaint).

*Witthohn v. Federal Ins. Co.*, 164 Fed. Appx. 395, 396, 2006 U.S. App. LEXIS 2429 at *4 (4th Cir. 2006) (emphasis added). *See also Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (in reviewing a Rule 12(b)(6) motion, the court "may properly take judicial notice of matters of public record" without converting the motion to one for summary judgment) (citing *Hall v. Virginia*, 385 F.3d 421, 424 (4th Cir. 2004)); *Booker v. Dominion Virginia Power*, 2010 U.S. Dist. LEXIS 44960 at *12 (E.D. Va. 2010) ("a court is permitted to consider matters on the public record in connection with a motion to dismiss without converting the motion to one for summary judgment.").

Papers filed in a case under title 11 and the dockets of a bankruptcy court are public records. 11 U.S.C. § 107(a). Accordingly, this Court may consider the documents filed in the Plaintiff's underlying chapter 13 case when determining a motion to dismiss under Rule 12(b)(6).

3

Case 10-09110   Doc 34   Filed 03/21/11   Page 3 of 6

### III. THE COURT REQUESTED ADDITIONAL AUTHORITY SUPPORTING THE DEFENDANTS' POSITION THAT NANCY B. COOK IS A NECESSARY PARTY UNDER RULE 19(A).

The Plaintiff has requested this Court to find that he does not own the property in question, and that the Defendants' deed of trust is invalid. Should the Plaintiff be unsuccessful in this action, absent joinder as a party, Ms. Cook would not be subject to this Court's determination and could bring a separate action to void the quitclaim deed and declare the deed of trust invalid. In *Levitt & Sons, Inc. v. Swirnow*, 58 F.R.D. 524, 529 (D. Md. 1973), the court considered whether individual property owners were necessary parties to an action seeking the removal of an alleged cloud on title to real property owned by individuals, and found that Rule 19(a) required their joinder for two reasons. First, "Count One seeks the removal of an alleged cloud on title to real property owned by individuals, and these individual owners obviously have a substantial and direct interest in the outcome of this phase of litigation. In their absence, complete relief by way of a declaratory judgment or an injunction can hardly be granted." *Id.* (citing Rule 19(a)(1), now Rule 19(a)(1)(A)). The court then observed that

> [i]f this Court were to conclude that under Maryland law the . . . charges in question were valid and enforceable encumbrances, a [non-party] individual property owner who did not agree with that ruling would not be bound by it but would be entitled to seek a re-determination in a state court of the legal question involved. In the absence of the property owners as parties to this action, defendants incur a substantial risk of inconsistent rulings by state and federal courts.

*Id.* The court concluded that because a decree by that court upholding the encumbrances would not prevent re-litigation of the question by non-parties, the individual lot owners were necessary parties under Rule 19(a)(2)(ii) (now Rule 19(a)(1)(B)(ii)). *Id.* at 530. In that case, because the non-party property owners were both necessary and indispensible, and could not be joined without destroying diversity jurisdiction, the court dismissed the complaint. *See also Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 441 (4th Cir. 1999) (where two courts are asked to make

determinations on the validity and interpretation of an agreement, creating a high likelihood of incongruous results, the "potential for factual and legal 'whip-saw' weighs heavily in favor of having one court adjudicate the entire case with all of the affected parties before it."); *R-Delight Holding LLC v. Anders*, 246 F.R.D. 496, 503 (D. Md. 2007) ("the interests furthered under subdivision (a) of Rule 19 'are not only those of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter.'") (quoting Fed. R. Civ. P. 19 Advisory Committee Note).

## CONCLUSION

For the reasons stated in the Defendants' Memorandum of Law submitted on January 28, 2011 and the arguments made at the hearing on March 17, 2011, as supplemented by this Memorandum, Defendants respectfully request that this Court dismiss the Complaint with prejudice, or, if the Complaint is not dismissed, require the joinder of Ms. Cook as a party, and grant such other relief as the Court deems just and proper.

Respectfully submitted this, the 21st day of March, 2011.

    NELSON MULLINS RILEY & SCARBOROUGH LLP

    By: */s/ Pamela W. McAfee*
        Pamela W. McAfee
        N.C. State Bar No. 21096
        E-mail: pam.mcafee@nelsonmullins.com
        Kelli Goss Hopkins
        N.C. State Bar No. 36824
        E-mail: kelli.hopkins@nelsonmullins.com
        4140 Parklake Avenue, Suite 200
        Raleigh, North Carolina 27612
        Telephone: (919) 877-3800
        Facsimile: (919) 877-3799

    *Attorneys for Defendants Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Backed Certificates, Series 2007-5 and American Home Mortgage Servicing, Inc.*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the foregoing document was served on the parties indicated below by depositing copies thereof in a depository under the exclusive care and custody of the United States Postal Service in postage prepaid envelopes designating delivery by First Class Mail and properly addressed as follows:

*Bankruptcy Administrator:*
Michael D. West
P.O. Box 1828
Greensboro, NC 27402

*Chapter 13 Trustee:*
Richard M. Hutson, II
Chapter 13 Office
302 East Pettigrew St., Suite B-140
P. O. Box 3613
Durham, NC 27702

*Debtor/Plaintiff:*
James Clifford Lilley
2921 Intercross Road
Durham, NC 27704

*Counsel for Debtor/Plaintiff:*
Koury Lee Hicks, Esquire
The Law Offices of John T. Orcutt
Suite D
1738 Hillandale Road
Durham, NC 27705

*Defendant:*
Mortgage Electronic Registration Systems, Inc.
1818 Liberty Street
Suite 300
Reston, VA 20190

*Defendant:*
Loan Leaders of America, Inc.
c/o Martin Foigelman
3 MacArthur Place
Suite 650
Santa Ana, CA 92707

*Defendant:*
Right-Away Mortgage, Inc.
10833 Valley View Street
Suite 500
Cypress, CA 90630

*Counsel for Defendant Fidelity National Title Group:*
William C. Smith, Jr.
Manning Fulton & Skinner, P.A.
3605 Glenwood Ave., Suite 500
P.O. Box 20389
Raleigh, NC 27619-0389

This 21st day of March, 2011.

    */s/ Pamela W. McAfee*
    Pamela W. McAfee