UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| James Clifford Lilley, | ) | Case No. 10-81078C-13D |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| James Clifford Lilley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10-9110 |
| | ) | |
| Wells Fargo, N.A.; Option | ) | |
| One Mortgage Loan Trust | ) | |
| 2007-5, Asset Backed | ) | |
| Certificates; Loan Leaders of | ) | |
| America, Inc.; Right-Away | ) | |
| Mortgage, Inc.; Fidelity | ) | |
| National Title Company; | ) | |
| Mortgage Electronic | ) | |
| Registration Systems, Inc.; | ) | |
| American Home Mortgage | ) | |
| Servicing, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION

     This adversary proceeding came before the court on March 17, 2011 for hearing on the motion to dismiss and objection to failure to join a required party by Wells Fargo, N.A. and American Home Mortgage Servicing, Inc. (collectively "the Wells Fargo Parties"). Pamela W. McAfee appeared on behalf of the Wells Fargo Parties, Koury L. Hicks appeared on behalf of the Debtor, and William C. Smith, Jr. appeared on behalf of Fidelity National Title Company. Having considered the motion, the arguments of counsel, and the

record before the court, the court concludes that the motion should be granted in part and denied in part as provided in this opinion.

JURISDICTION

The court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(K) which this court may hear and determine.

FACTS

Plaintiff James Clifford Lilley filed for relief under chapter 13 of the bankruptcy code on June 21, 2010.  On November 5, 2010, he filed the complaint in this proceeding, seeking a determination that the claim held by the Wells Fargo Parties is unsecured and the cancellation or voiding of the associated deed of trust on 2921 Intercross Rd., Durham, NC.  Following a hearing before this court on November 10, 2010, a chapter 13 plan was confirmed on November 12, 2010 in the chapter 13 case.  The confirmed plan, as modified by order dated December 27, 2010, provides for the claim to be treated as unsecured, explicitly subject to the outcome of this proceeding.

The Debtor's essential allegation is that the deed purporting grant him ownership of the property was a forgery, and therefore the deed of trust is invalid, as he executed the deed of trust with

respect to property he did not own.  Prior to the loan transaction, Nancy B. Cook, the Debtor's girlfriend, owned the property.  Debtor alleges that Cook did not convey the property to him, and that a deed dated December 8, 2006, purporting to effect such conveyance, as recorded on October 25, 2007, immediately prior to recording of the deed of trust, was in fact a forgery.

The Wells Fargo Parties brought this motion to dismiss on January 28, 2011, based upon three theories.  First, they argue that by pleading certain allegations "on information and belief," the plaintiff has failed to state a claim for relief.  Second, they assert that the plaintiff should be judicially estopped from arguing that their claim is unsecured, as the confirmed plan provides secured treatment for county ad valorem taxes on the same property at issue.  Third, they argue that Cook is a required party, and should be joined or the proceeding otherwise dismissed. The court will analyze each of these arguments separately.

DISCUSSION

A.   Statement of Plausible Claim

Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, Rule 12(b)-(h) of the Federal Rules of Civil Procedure applies in adversary proceedings.  Under Rule 12(b)(6) a defendant may move to dismiss for failure to state a claim upon which relief can be granted.  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true,

to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

A motion to dismiss should be considered using a two-pronged approach. Iqbal, 129 S.Ct. at 1950. First, a court must accept as true all factual allegations contained in a complaint. Id. at 1949. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1950. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 1949.

Once a court assumes the truth of well-pleaded factual allegations, it should "then determine whether they plausibly give rise to an entitlement to relief." Id. In order for a claim to be facially plausible, a plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable" and must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." Id. at 1949 (citing Twombly, 550 U.S. at 556). Whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. However, "where the well-pleaded facts do not permit the court to infer more than the mere

- 4 -

possibility of misconduct, the complaint has alleged—but has not show[n] 'that the pleader is entitled to relief.'"   Id. (citing Fed. R.Civ.P. 8(a)(2)).

The Wells Fargo Parties contend that the Debtor's use of "upon information and belief" as a qualifier to several allegations or assertions in the complaint, including the allegations that Cook did not sign the deed and that it was forged, renders those allegations non-factual, and that therefore, the Debtor has not pleaded sufficient facts to state a plausible entitlement to relief.   In their view, information and belief pleading is only available when facts are in the peculiar possession and control of a defendant, or when information underlying the belief is itself pleaded as a factual allegation.   The court declines to adopt this view, and finds that use of information and belief pleading was proper in this case.

Pleading "upon information and belief" was not abolished by Twombly or Iqbal.   See, e.g., Lincoln Park Sav. Bank v. Binetti, No. 10 CV 5083, 2011 WL 249461, at *3 (N.D. Ill. Jan. 26, 2011) ("[T]he Supreme Court in Twombly and Iqbal made clear that conclusional allegations do not satisfy Rule 8(a), but 'the Supreme Court did not strike [the phrase 'upon information and belief'] from the lexicon when it made the pleading rules more demanding.'") (alteration in original); Simonian v. Blistex, Inc., No. 10 CV 01201, 2010 WL 4539450, at *3 (N.D. Ill. Nov. 3, 2010) ("[N]othing

in either Twombly or Iqbal suggests that pleading based upon 'information and belief' is necessarily deficient."); GEM Advisors, Inc. v. Corporacion Sidenor, S.A., 667 F. Supp. 2d 308, 325 (S.D.N.Y. 2009) (When a factual allegation is made on information and belief, a court applying Iqbal must still accept it as true for purposes of a motion to dismiss.). Rather, the Supreme Court made clear that conclusory recital of elements of the action was deficient pleading. Iqbal, 129 S.Ct. at 1950.

It is helpful to observe that many times, plaintiffs will couch their conclusory recitals in terms of "information and belief." There, "upon information and belief" is used as an inadequate substitute for providing detail as to why the element is present in an action. This is in contrast to proper use of "upon information and belief," where a plaintiff does not have personal knowledge of the facts being asserted, and is disclosing that state of knowledge consistent with Rule 9011. Courts routinely reject conclusory recitals couched upon information and belief. See, e.g., Essex Ins. Co. v. Miles, No. 10-3598, 2010 WL 5069871 , at *2-*3 (E.D. Pa. Dec. 3, 2010) ("[R]eliance . . . on information and belief cannot transform legal conclusions into plausible factual allegations."); Servicios Especiales Al Comercio Exterior, S.C. v. Johnson Controls, Inc., No. 08-CV-1117, 2010 WL 323177, at *2 (E.D. Wis. Jan. 20, 2010); Skillstorm, Inc. v. Elec. Data Sys., LLC, 666 F. Supp. 2d 610, 619-20 (E.D. Va. 2009); In re Gluth Bros. Constr.,

<u>Inc.</u>, 424 B.R. 368, 377 (Bankr. N.D. Ill. 2009) (statement made upon information and belief was merely "a formulaic recitation of the element").

Just as the phrase "upon information and belief" does not transform a conclusory assertion into a proper allegation, the phrase does not transform a factual allegation into a conclusory assertion. A "complaint's failure to provide evidentiary support for its allegations does not make them conclusory. An allegation is impermissibly conclusory when it is necessary to establish a viable claim but fails to identify a tangible, real-world act or event." Adam N. Steinman, <u>The Pleading Problem</u>, 62 Stan. L. Rev. 1293, 1339 (2010). Here, what is pleaded upon information and belief is in essence factual in nature pertaining to tangible acts or events. This includes allegations that Cook did not execute security instruments or deeds, did not authorize a deed, and that the signature on the recorded deed is a forgery. Accepting the facts pleaded as true, the Debtor has stated a plausible claim that the deed of trust is invalid due to the preceding deed being void as a forgery.

The Wells Fargo Parties are correct that the allegations pleaded here by the Debtor upon information and belief are not peculiarly in the control of the defendants. Facts being in the peculiar control of a defendant is well-established as an appropriate reason to plead upon information on belief. <u>See, e.g.</u>,

- 7 -

Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d. Cir. 2010)("The Twombly plausibility standard . . . does not prevent a plaintiff from 'pleading facts alleged 'upon information and belief'' where the facts are peculiarly within the possession and control of the defendant."); Simonian v. Blistex, 2010 WL 4539450, at *3 (information and belief pleading "is not categorically improper, especially when information lies uniquely within the control of the defendant"). However, it is incorrect to infer that such is the only appropriate reason, or that it is not appropriate to allege facts in the control of third parties upon information and belief.

The movant's next argument that the factual basis for forming a belief must be pleaded is superficially appealing, especially in the case where that informing fact can be plainly stated. However, in other situations, a belief is formed from a great number of small evidentiary facts, the pleading of which would provide far more detail than contemplated by notice pleading. Pleading the factual basis for a belief is not unknown in the law of pleadings, and is common for special pleading requirements such as for fraud under Rule 9(b). See, e.g., DiVittorio v. Equidyne Extractive Indus., 822 F.2d 1242, 1247 (2d Cir. 1987) (rule 9(b) allegations eligible to be pleaded on information and belief "must be accompanied by a statement of the facts upon which the belief is based.") However, the defendants here have made no suggestion that

special pleading requirements apply on their own terms, and this court is unwilling to conclude that <u>Twombly</u> or <u>Iqbal</u> has transformed notice pleading under Rule 8(a) into an echo of pleading with particularity under Rule 9(b).

B.   Judicial Estoppel

As an additional ground for dismissing the case, the Wells Fargo Parties argue that this court should apply the doctrine of judicial estoppel to prevent the Debtor from asserting the he does not own the property.  Within the November 12, 2010 confirmation order in the Debtor's chapter 13 case, the Durham County Tax Collector is provided a secured claim to be paid in full, which the order denotes is for real property taxes in the amount of $1,568.02.  It is undisputed that these are ad valorem taxes upon the property that is the subject of this adversary proceeding.  The Wells Fargo Parties argue that it is inconsistent for the taxing authority to be treated as secured as if the Debtor owned the property while the Debtor also argues in this proceeding that the deed was forged and that he does not own the property, and that therefore the Debtor should be estopped from taking the later position.

Judicial estoppel, as stated by the Fourth Circuit Court of Appeals,

> is a principle developed to prevent a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court. Three elements must be satisfied before judicial estoppel will be

applied. 'First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation.' The position at issue must be one of fact as opposed to one of law or legal theory. 'Second, the prior inconsistent position must have been accepted by the court.' Lastly, the party against whom judicial estoppel is to be applied must have 'intentionally misled the court to gain unfair advantage.' This bad faith requirement is the 'determinative factor.'

Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007) (internal citations omitted).

Here, the element that requires discussion is the first, the presence of a prior inconsistent stance. At the outset of his chapter 13 case, the Debtor took the position that he did not own the property, as his Schedule A filed with the petition on June 21, 2010 stated "none" as the real property the Debtor owned, and that Durham County did not have a secured claim, as represented on his Schedule D. Furthermore, he explicitly noted on item 2 of his Schedule F, concerning the movant's deed of trust: "Invalid Deed of Trust: Debtor did not own property at the time of Deed of Trust granted. Debtor alleges that subsequent quitclaim Deed was forged." The Debtor continued to maintain this position, and Durham County was not treated as secured in the Debtor's notice to creditors and proposed plan dated July 19, 2010. Nor was secured treatment proposed in the confirmation order dated August 20, 2010, which was circulated prior to the confirmation hearing. However, the final confirmation order entered on November 12, 2010, following the November 10, 2010 hearing on confirmation, did

- 10 -

include Durham County for treatment as a secured claim. That final order also referenced this adversary proceeding as disputing the deed of trust, although it erroneously summarized the basis of this proceeding. This error was corrected by an order entered December 27, 2010, upon the Trustee's motion to modify reciting the correct basis of this proceeding.

Durham County filed its claim on September 23, 2010, subsequent to circulation of the initial proposed confirmation order. The Debtor did not object to its inclusion in the plan, and to date has not objected to the claim. Paragraph 17 of the confirmation order, however, reserves the Debtor's ability to object to claims, including to this claim. Thus, the Debtor can still contest the secured status of the Durham County claim.

The court finds that the treatment of Durham County as a secured tax claim in the confirmation order is not a prior inconsistent position that would satisfy the first element required for invoking judicial estoppel. In the overall chronology of the bankruptcy case, the Debtor has from day one taken the position he does not own the property. By filing a secured claim, Durham County disputed this position, leaving the Debtor with a claim objection as the procedure to bring that disputed position to a resolution. The Debtor has not yet objected, but still may do so, and it thus cannot be said that he has acquiesced to the Durham County viewpoint to the contradiction of his multiple and

continuing assertions of non-ownership.

Given that the basic first element of judicial estoppel has not been shown, the remaining elements need not be addressed. Accordingly, the court will deny the movant's request to bar the Debtor's claim by judicial estoppel.

C.   Cook as a Required Party

The court next turns to the request that Cook be joined as a required party.  Pursuant to Rule 7019 of the Federal Rules of Bankruptcy Procedure, Rule 19 of the Federal Rules of Civil Procedure applies in adversary proceedings.  Under Rule 19(a)(1),

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A)   in that person's absence, the court cannot accord complete relief among existing parties; or
> (B)   that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i)   as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii)  leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Wells Fargo Parties are concerned about the possibility that a subsequent action will be initiated in which Cook asserts her claim of title based on the forgery.  In the event the defendants prevailed in this proceeding to establish a secured interest, their security interest would again be at risk by Cook's claims. Defendants are also concerned that the Debtor would get a windfall

- 12 -

if he prevailed in this proceeding but Cook was later unsuccessful in asserting ownership.

A risk of logically inconsistent results amongst different proceedings is not alone a reason to require joinder. See Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998); S. Co. Energy Mktg., L.P. v. Virginia Elec. & Power Co., 190 F.R.D. 182, 186-89 (E.D. Va. 1999); RPR & Assocs. v. O'Brien/Atkins Assocs. P.A., 921 F.Supp. 1457, 1464 (M.D.N.C. 1995). However, the issue here goes beyond a risk of logical inconsistency amongst adjudications, and the court will require joinder, as explained below.

Debtor's complaint does not seek only a determination that the Wells Fargo Claim is unsecured for bankruptcy purposes, but also seeks an immediate adjudication of invalidity of the deed of trust. Such relief goes beyond cancellation of a lien found to be unsecured upon the event of discharge of the unsecured claim, and would stand as an adjudication of the rights of the parties even if the bankruptcy case were dismissed. The Debtor's allegation of invalidity of the deed of trust is based exclusively on the assertion the deed from Cook was a void forgery. The validity of both these instruments is deeply intertwined. Nevertheless, the relief the Debtor seeks is to eliminate the deed of trust while leaving the challenged deed untouched. Such relief would place record title in a state that no one is arguing is correct, namely

- 13 -

fee ownership by the Debtor, unencumbered by a deed of trust. No legal or factual theory has been articulated where the Debtor would both own property and the deed of trust would be invalid. Lacking such a theory, the relief sought by the Debtor is peculiar and incomplete. To adjudge the validity of the deed of trust itself on the Debtor's theory necessarily also involves a determination of the validity of the deed itself, and complete relief involving correction of the state of the title includes striking both the deed and the deed of trust.

While a judgment regarding the deed between Cook and the Debtor would not bind Cook in the preclusive sense if she were not a party, the judgment could nevertheless as a practical matter impede her ability to protect her interest, making her a required party under Rule 19(a)(1)(B)(I). If this court determines the deed to have been a valid non-forgery, such may be of persuasive value against her later assertion of ownership. See Marra v. Burgdorf Realtors, Inc., 726 F.Supp. 1000, 1004 (E.D. Pa. 1989) (recognizing first court's determination of title dispute may provide support to one side in later litigation); see also 401 North Wabash Venture, LLC v. Ascher Bros. Co., Inc., No. 10 C 1962, 2010 WL 3699982, at *5-*6 (N.D. Ill. Sept. 13, 2010) (instant proceeding concerning one condominium likely to require determination of extent of blanket lien, so other condominium owners are necessary parties as their ability to protect their interests may be practically impaired).

Furthermore, in a more general sense, when a judgment would have the effect of settling disputed interests in property, all claimants should be brought into the proceeding. See McShan v. Sherrill, 283 F.2d 462, 463-64 (9th Cir. 1960). Cook's claim to an interest in the property is tightly interrelated to the claims of interest (or lack thereof) by the Debtor and the Wells Fargo Parties. Accordingly, Cook is a required party to this proceeding. The court has been presented with no reason why Cook would not be subject to service of process, and her joinder would not deprive the court of jurisdiction. Thus, she must be made a party for this proceeding to continue.

CONCLUSION

Based upon the foregoing analysis, the court concludes that the motion to dismiss should be denied, but that Nancy B. Cook should be joined as a required party. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 12th day of April, 2011.


_____
WILLIAM L. STOCKS
United States Bankruptcy Judge

- 15 -

PARTIES IN INTEREST


Koury Lee Hicks, Esq.
1738 Hillandale Road, Suite D
Durham, NC 27705

Pamela W. McAfee, Esq.
4140 Parklake Avenue
Raleigh, NC 27612

William C. Smith, Jr.
P.O. Box 20389
Raleigh, NC 27619-0389

Richard M. Hutson, II, Trustee