UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
JAMES CLIFFORD LILLEY

Bankruptcy Case No.: 10-81078

Soc. Sec. No. xxx-xx-0028
Mailing Address: 2921 Intercross Road, Durham,
NC 27704-

                                                Debtor.

JAMES CLIFFORD LILLEY

                        Plaintiff,    A.P. No.:10-09110

**vs.**

WELLS FARGO, N.A.; OPTION ONE
MORTGAGE LOAN TRUST 2007-5, ASSET
BACKED CERTIFICATES; LOAN LEADERS OF
AMERICA, INC.;
RIGHT-AWAY MORTGAGE INC.; FIDELITY
NATIONAL TITLE COMPANY; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.; AMERICAN HOME MORTGAGE
SERVICING, INC.; NANCY B. COOK

                                    Defendants.

JOINT SCHEDULING MEMORANDUM

A.    The Rule 26(f) meeting of the parties in this adversary proceeding was held on June 15, 2011.

B.    The following were in attendance:

    (1) Koury L. Hicks, Esq., attorney for the Plaintiff.

    (2) Pamela Wachter McAfee, Esq. attorney for Defendants Wells Fargo, N.A. as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Backed Certificates, Series 2007-5 and American Home Mortgage Servicing.

(3) William C. Smith, Jr., Esq., attorney for Defendant Fidelity National Title Group.

(4) Nancy B. Cook, appearing pro se.

C. Due to the required joinder of Nancy B. Cook, the parties agree that the deadlines contained herein shall supersede the deadlines contained in the previous joint scheduling memorandum dated February 21, 2011.

D. The following matters and time limits were covered during the meeting:

(1) July 15, 2011, as the last day for filing motions to amend;

(2) July 29, 2011, as the last day for filing motions to join other parties;

(3) August 29, 2011 as the date within which discovery (general and expert), must be completed;

(4) Initial disclosure of experts who may be used at trial to present evidence and the written reports of experts described in Rule 26(a)(2)(B) shall be due as follows:

From the plaintiff(s) by July 29, 2011;

From the defendant(s) by July 29, 2011.

(5) Pursuant to Rule 26(a)(2)(C), disclosures regarding rebuttal expert witnesses and evidence intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) shall be due August 29, 2011.

(6) September 30, 2011, as the last day for filing dispositive motions and supporting materials, including affidavits and supporting briefs.

(7) October 31, 2011, as the last day for filing and serving the final pre-trial disclosures required by Rule 26(a)(3).

(8) The final pre-trial disclosures shall include:

(a) a statement of the contested issues remaining for trial;

(b) identity of all witnesses who may be called at trial;

(c) a concise summary of the testimony which each witness is expected to present;

(d) a designation of witnesses whose testimony is expected to be presented by means of deposition;

(e) identifications of all exhibits which may be offered at trial, with a copy of each exhibit attached to the disclosure form which is filed with the court;

(f) a statement of all objections to exhibits, depositions and witnesses identified by the opposing party which shall be filed and served within 10 days after service of the pre-trial disclosures of the opposing party; and

(g) whether a separate final pre-trial conference is requested before this adversary proceeding is scheduled for trial.

E. Statement regarding core/non-core matters:

_X_ (a) All contested issues in this proceeding are core matters, on which the bankruptcy court may enter final judgment.

____ (b) All contested issues in this proceeding are non-core matters, and the parties hereby state that the bankruptcy court ____ has their consent ____ does not have their consent to enter final judgment.

____ (c) The contested issues in this proceeding include core and non-core matters as follows:

____ (d) (Understanding that the distinction is of importance only if consent to bankruptcy court's entry of final judgment is not provided) the parties disagree as to the core or non-core nature of the matters within this action as follows:

F. Requests for jury trial:

__X__ (a) Neither party seeks a jury trial.

____ (b) The Plaintiff demands a jury trial.

____ (c) The Defendant demands a jury trial.

____ (d) The parties agree regarding jury entitlement.

____ (e) If a right to jury trial exists, the parties consent to a jury trial in the bankruptcy court.

This 17th day of June 2011.

*s/ Koury L. Hicks*  
Koury L. Hicks  
North Carolina State Bar No.:36204  
The Law Offices of John T. Orcutt  
Attorneys for the Plaintiff

*/s/ Pamela W. McAfee*  
Pamela W. McAfee  
North Carolina State Bar No.: 21096  
Nelson, Mullins, Riley & Scarborough LLP  
Attorney for the Defendant Wells Fargo, N.A., as Trustee for Option One Mortgage Loan Trust 2007-5 Asset Back Certificates and American Home Mortgage Servicing.

*/s/ William C. Smith Jr.*  
William C. Smith Jr.  
North Carolina State Bar No.: 14199  
Manning Fulton & Skinner, P.A.  
Attorneys for the Defendant Fidelity National Title Group

*/s/ Nancy B. Cook*  
Nancy B. Cook  
*Pro se*  
2921 Intercross Road  
Durham NC 27704